■ ERNEST L. DUTCHER, Respondent, v. HOWARD O. ANTHONY, Appellant.— Appeal from a judgment entered on the verdict of a jury rendered at Trial Term, Supreme Court, Warren County. In this case involving an automobile accident occurring in Glens Falls, May 10, 1959 at Board and Mission Streets, there is a sharp issue of fact between the parties as to the manner of occurrence. The jury resolved the issue in favor of plaintiff and defendant on appeal argues that the verdict is against the weight of evidence. If the accident occurred according to plaintiff's version, however, a verdict for him would be justified and we see nothing so improbable or unlikely in plaintiff's contention as to require our interference with the verdict. Plaintiff testified he had been parked on the south side of Broad Street at a drugstore some 200 feet from the Mission Street intersection; that he pulled his car out from the curb, started in an easterly direction in Broad Street, proceeded about 200 feet, and when he reached the west side of Mission Street he put on his left turn signal light and started to make a left turn into Mission Street. He testified further that when he got about 10 feet into Mission Street and was in the process of turning, he was struck on the left side of his car by defendant. Defendant's theory is that plaintiff pulled out from the curb on the south side of Broad Street, suddenly, without warning, and that defendant in these circumstances could not avoid running into him. Defendant testified, however, that he had taken "maybe" six to eight beers before the collision, and was following a fire truck which had passed plaintiff before plaintiff pulled out from the curb. Defendant was a volunteer fireman in another community and said he wanted to "perceive where the fire truck was, where its destination was". There is proof also, from which the jury might infer defendant's high speed, i.e., plaintiff's car was pushed 25 feet sideways from the point of contact. Two errors of law are assigned in the course of trial. On cross-examination of a police officer called by defendant, an official police report was offered in evidence on the credibility of the witness. A portion of this, containing a description of the course followed by each car, was received in evidence without objection by defendant. Later the rest of the report showing an entry in the block marked "improper passing" was received. Since this exhibit was limited to the credibility of the policeman called as a defendant's witness, we are of opinion that the note on "improper passing" was no more irrelevant or improper than the description of the courses of the two cars to which no objection was interposed; and in the court's admission of the whole exhibit for this limited purpose we recognize no error which would require reversal. The additional point that a letter from the attorney for plaintiff to attorney for defendant in advance of the trial advising of a proposed amendment to the bill of particulars would be made on the trial, which proposed amendment was later abandoned, should have been received in evidence is wholly without merit. Defendant does not demonstrate that any evidentiary or other useful purpose could be served by giving such a letter as this to the jury. On the claim of excessiveness in the verdict of $7,950 for injuries, the record disclosed that plaintiff had a comminuted fracture of the left clavicle, with a resulting limitation of motion of the left arm and shoulder which was permanent and with some resulting abnormal configuration. The verdict is not excessive. Judgment unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.